

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

This Opinion
Overrules Opinion
#6-2051-6-4590

Honorable Chas. A. Tosch
County Auditor
Records Building
Dallas 2, Texas

Dear Sir:

Opinion No. O-6616
Re: Compensation of the Special
County Judge of Dallas County.

Your letter of May 24, 1945, requesting the opinion of this Department on the questions stated therein is as follows:

"Mr. Gene Bailey, Attorney of the Dallas Bar, has presented a claim against Dallas County for Four Hundred Seventy-five and 18/100 ($475.18) Dollars, for services rendered as Special County Judge from January 8th, 1943 to January 31st, 1943, inclusive, at the rate of Twenty and 66/100 ($20.66) Dollars per day, a copy of his claim and his letter explaining that he has not to date received payment therefor being hereto attached.

"I have also been presented with a certificate from the Clerk of the Probate Court advising that the election and record of the services of Mr. Bailey as Special Judge of the Probate Court from January 8th, 1943 to January 31st, 1943, inclusive, appear in the Probate Minutes of Dallas County.

"In as much as Mr. Bailey states that he has not heretofore presented his claim because of your previous ruling that no provision was made in the Statutes for the payment of a Special County Judge elected by the Bar and serving as Mr. Bailey served, and in as much as this office has heretofore relied upon your opinion which, as Mr. Bailey states,

Honorable Chas. A. Tosch, Page 2

was overruled in the case of Markwell vs. Galveston County, 186 S. W. (2) 273 (writ of error denied), I shall appreciate your Department now advising me:

"(1) Under the circumstances outlined in Mr. Bailey's letter, does his claim constitute a legal claim against the County which should now be paid?

"(2) If payment is due, is Mr. Bailey entitled to compensation for the days he actually served in the Court, or should his compensation also be figured for the Sundays during the period of service?"

Prior to the institution and determination of the case of Markwell v. Galveston County, 186 S. W. (2) 273, this Department rendered Opinions Nos. 3091 and O-4990 regarding the compensation of special county judges. These opinions are contrary to the opinion of the court in the Markwell case, therefore, we hereby expressly overrule said Opinions Nos. O-3091 and O-4990.

In answer to your first question it is our opinion that such claim appears to be one that could be paid under the authority of the Markwell case unless said claim is barred by the statute of limitation. Under the limited facts given we cannot say whether or not a plea of limitation could or should be pleaded or claimed regarding the question under consideration.

Replying to your second question, it is held in the Markwell case, supra, that Sundays and holidays are included in computing the compensation of a special county judge.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

JUN 14 1945
ASSISTANT ATTORNEY GENERAL

APPROVED

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE